**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marcus Jabor ALLS, Defendant– Appellant.**

**No. 06–13540 Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Aug. 27, 2007.

Donnie Wayne Bethel, Christine A. Freeman, Federal Defender for Middle Dist. of Alabama, Montgomery, AL, for Defendant–Appellant.

Karl David Cooke, Jr., Montgomery, AL, for Plaintiff–Appellee.

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Marcus Alls appeals his conviction for possession of a firearm by a

felon, in violation of 18 U.S.C. § 922(g)(1). Alls argues that the circuit's pattern *Allen* charge [1] given by the district court in his case was inherently coercive.

Our review of "a district court's decision to give an *Allen* charge is limited to evaluating the coercive impact of the charge." *United States v. Trujillo,* 146 F.3d 838, 846 (11th Cir.1998). When the district court does not poll the jury prior to reading the *Allen* charge, as here, we will reverse only if we find under the totality of the circumstances that the charge was inherently coercive. *Id.*

In *Allen v. United States,* 164 U.S. 492, 501–02, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896), the Supreme Court upheld a charge urging jurors to reconsider whether their opinions were reasonable and to fulfill their duty to decide the case if conscientiously possible. The Supreme Court concluded that "[t]he very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves." *Id.* at 501, 17 S.Ct. 154. Therefore, the Court stated that it "cannot be the law that each juror should not listen with deference to the arguments, and with a distrust of his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself." *Id.*

In *United States v. Rey,* 811 F.2d 1453, 1459 (11th Cir.1987), we considered our circuit's pattern *Allen* charge and stated that an *Allen* charge which urges jurors to reconsider whether their doubt is reasonable "virtually guarantees jury confusion" and "can intimidate individual jurors." *Id.* at 1459. Even so, we upheld the *Allen* charge based on our precedent. *Id.* at

1460; *see also United States v. Dickerson,* 248 F.3d 1036, 1050–51 (11th Cir.2001). In *United States v. Chigbo,* 38 F.3d 543, 545 (11th Cir.1994), we noted that the short time in which a jury returned its verdict after receiving the *Allen* charge did not change our decision. Also, we have held that a jury does not need to indicate a deadlock before the court issues an *Allen* charge. *Government of Canal Zone v. Fears,* 528 F.2d 641, 644 (5th Cir.1976).[2]

Considering the totality of the circumstances shown in the record, we conclude that the *Allen* charge given by the district court was not inherently coercive. Accordingly, we affirm Alls's conviction.

**AFFIRMED.**

---

**1.** *See Eleventh Circuit Criminal Pattern Jury Instructions,* Trial Instruction No. 7 (2003).

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we

adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.